## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**Case No.:**

CAROLYN STANLEY,

    **Plaintiff,**

                                        **COMPLAINT**

v.

EXPERIAN INFORMATION
SOLUTIONS INC, CAPITAL ONE, NA
D/B/A CAPITAL ONE AUTO FINANCE,
SYNCHRONY FINANCIAL D/B/A
SYNCHRONY BANK, AFFIRM INC,
AND THE BANK OF MISSOURI

                                     **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, Carolyn Stanley ("Plaintiff"), by and through counsel, files this Complaint against Defendant Experian Information Solutions Inc, ("Defendant Experian" or "Experian"), Defendant Capital One NA d/b/a Capital One Auto Finance, ("Defendant Capital One" or "Capital One"), Defendant Synchrony Financial d/b/a Synchrony Bank ("Defendant Synchrony" or "Synchrony"), Defendant Affirm Inc ("Defendant Affirm" or "Affirm"), and Defendant The Bank of Missouri ("Defendant BOM" or "BOM"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Volusia County, Florida.

5.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Capital One, N.A. d/b/a Capital One Auto Finance is a financial institution whose headquarters is located at 1680 Capital One Drive, Mclean, Virginia 22102. Capital One is a "person" as defined by the FCRA, 15 USC §1681a(b).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

7.      Defendant Synchrony Financial d/b/a Synchrony Bank is a Delaware corporation whose registered agent is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. Synchrony is a "person" as defined by the FCRA, 15 USC §1681a(b).

8.      Defendant Affirm Inc is a Delaware limited liability company whose registered agent is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324. Affirm is a "person" as defined by the FCRA, 15 USC §1681a(b).

9.      Defendant Bank of Missouri is a Missouri financial institution whose registered agent is Jason G. Crowell, 916 N. Kingshighway Street, Perryville, Missouri 63775. BOM is a "person" as defined by the FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

10.      This action involves derogatory and inaccurate reporting of multiple fraudulent Accounts (the "Accounts") by Capital One, Synchrony, Affirm, and BOM (collectively, the "Furnishers") to the Credit Reporting Agency, Experian Information Solutions Inc.

11.      The Capital One Auto Finance Account starting in 620101*** is for a debt allegedly owed by Plaintiff, which has been charged off. This account was opened on January 22, 2022.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12.     The Capital One Auto Finance Account starting in 620102*** is for a debt allegedly owed by Plaintiff, which has been charged off. This account was opened on August 4, 2022.

13.     The Synchrony Account starting in 604419*** is for a debt allegedly owed by Plaintiff, which has been reported as150 days late. This account was opened on July 13, 2021.

14.     The Affirm Account starting in CFL6**** is for a debt allegedly owed by Plaintiff, which has been reported as "Paid, Closed" and 30 and 60 days late. This account was opened on October 26, 2022.

15.     The BOM Account starting in 763600**** is for a debt allegedly owed by Plaintiff, which has been reported as "Closed" and 30, 60, 90, 120, and 150 days late. This account was opened on August 3, 2021.

16.     Plaintiff does not recognize any of the Accounts, did not open any of the Accounts, and does not owe any money to the Furnishers for these Accounts.

17.     Plaintiff did not open any of the Accounts because she was incarcerated from **February 16, 2021,** to **December 18, 2022** (emphasis added).

18.     In or around April 2024, Plaintiff requested a copy of her credit report from Defendant Experian. The report listed the Accounts as previously stated.

19.     In or around April 2024, Plaintiff submitted a dispute to Defendant Experian requesting that it remove the Accounts from her Experian report because

she did not recognize them, they were not her accounts, and they could not have been opened by her.

20.     In or around April 2024, Defendant Experian verified the Accounts as accurate despite receiving evidence from Plaintiff that the Accounts were fraudulent and inaccurate and not the Plaintiff's.

21.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Experian and furnished by the Furnishers.

22.     As of the filing of this complaint, Defendant Experian is still reporting the Accounts on Plaintiff's credit report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

23.     Plaintiff incorporates by reference paragraphs ¶¶ 1-22 of this Complaint.

24.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Experian, a consumer reporting agency.

25.     In or around April 2024, Plaintiff checked her credit report and noticed

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that there were inaccurate reports from Defendant Experian. Therefore, in or around April 2024, Plaintiff disputed this inaccurate and derogatory information to Experian.

26.     The Furnishers verified the Accounts. Despite Experian having been put on notice of the fraudulent and inaccurate reporting, Experian did not remove the Accounts from Plaintiff's Experian credit report.

27.     As of the filing of this complaint, Furnishers' derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

28.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

29.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

30.     Despite Defendant Experian having received Plaintiff's dispute of the Accounts, Experian continues to report the Account with an outstanding unpaid balance from the Furnishers.

31.     Continuing to report the status of the Accounts in this fashion is significant.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32.     By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

33.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

34.     Experian failed to conduct a reasonable investigation and reinvestigation.

35.     Experian failed to review and consider all relevant information submitted by Plaintiff.

36.     Experian failed to conduct an independent investigation and, instead, deferred to the Furnishers, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

37.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

38.     Experian's reporting of inaccurate information about the Accounts, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

file.

39.    Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the Furnishers despite being in possession of evidence that the information was inaccurate.

40.    Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

41.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

42.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

43.    Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Experian credit report.

44.    Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

files.

45.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

46.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

48.     The appearance of the account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

49.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

50.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

51.     Plaintiff incorporates by reference paragraphs ¶¶ 1-22 above of this Complaint.

52.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

53.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

54.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

55.     Additionally, Experian negligently failed to report the Account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

56.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Experian to  delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

57.    The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

58.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

59.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

60.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Capital One)

61.     Plaintiff incorporates the allegations regarding the Capital One Accounts and Defendant Capital One in paragraphs ¶¶ 1-22 and by reference of this Complaint.

62.     Defendant Capital One is a financial institution.

63.     In or about April 2024, Plaintiff checked her credit report and noticed that there was inaccurate and fraudulent reporting from Defendant Capital One.

64.     In or about April 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant Capital One.

65.     In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant Capital One of the Dispute in accordance with the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

66.     As of the filing of this complaint, the debt has continued to be verified by Defendant Capital One.

67.     Defendant Capital One is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

68.     On a date better known by Defendant Capital One, Defendant Experian promptly and properly gave notice to Defendant Capital One of Plaintiff's Dispute in accordance with the FCRA.

69.     In response to the notices received from Defendant Experian regarding Plaintiff's Dispute, Defendant Capital One did not and otherwise failed to conduct a reasonable investigation into the Capital One Accounts which are the subject of the Dispute.

70.     In response to receiving notice from Defendant Experian regarding Plaintiff's Dispute, Defendant Capital One failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Experian could not otherwise verify.

71.     Instead of conducting a reasonable investigation, Defendant Capital One erroneously validated the Capital One Accounts and continued to report inaccurate and fraudulent information to Defendant Experian.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

72.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

73.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

74.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian about the inaccurate information.

75.    Upon information and belief, Defendant Capital One was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

76.    Defendant Capital One's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

77.    As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

78.    Defendant Capital One's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital One, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Capital One)

80.    Plaintiff incorporates the allegations regarding the Capital One Accounts and Defendant Capital One in paragraphs ¶¶ 1-22 by reference of this Complaint.

81.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681i(a)(1)(A) by

failing to conduct a reasonable reinvestigation with respect to the disputed information.

82.     On one or more occasions within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

83.     On one or more occasions within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

84.     When Defendant Capital One received notice of Plaintiff's dispute from Defendant Experian, Defendant Capital One could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

85.     Defendant Capital One would have discovered that the information it was reporting about Plaintiff was inaccurate and the Capital One Accounts were fraudulent and inaccurate if Defendant Capital One had reviewed its own systems and previous communications with the Plaintiff.

86.     Defendant Capital One's investigation was per se deficient by reason of these failures in Defendant Capital One's investigation of Plaintiff's Dispute.

87.     As a direct and proximate result of Defendant Capital One's violations

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

88.     Defendant Capital One's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

89.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital One awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Synchrony)

90.     Plaintiff incorporates the allegations regarding the Synchrony Account and Defendant Synchrony in paragraphs ¶¶ 1-22 and by reference of this Complaint.

91.     Defendant Synchrony is a financial institution.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

92.    In or about April 2024, Plaintiff checked her credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Synchrony.

93.    In or about April 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant Synchrony.

94.    In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant Synchrony of the Dispute in accordance with the FCRA.

95.    As of the filing of this complaint, the debt has continued to be verified by Defendant Synchrony.

96.    Defendant Synchrony is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

97.    On a date better known by Defendant Synchrony, Defendant Experian promptly and properly gave notice to Defendant Synchrony of Plaintiff's Dispute in accordance with the FCRA.

98.    In response to the notices received from Defendant Experian regarding Plaintiff's Dispute, Defendant Synchrony did not and otherwise failed to conduct a reasonable investigation into the Synchrony Account which is the subject of the Dispute.

99.    In response to receiving notice from Defendant Experian regarding

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's Dispute, Defendant Synchrony failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Experian could not otherwise verify.

100.    Instead of conducting a reasonable investigation, Defendant Synchrony erroneously validated the Synchrony Account and continued to report inaccurate and fraudulent information to Defendant Experian.

101.    On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

102.    On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

103.    On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian about the inaccurate information.

104.    Upon information and belief, Defendant Synchrony was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

105.   Defendant Synchrony's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

106.   As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

107.   Defendant Synchrony's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Synchrony, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Synchrony)

109.   Plaintiff incorporates the allegations regarding the Synchrony Account and Defendant Synchrony in paragraphs ¶¶ 1-22 by reference of this Complaint.

110.   On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

111.   On one or more occasions within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

112.   On one or more occasions within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

113.   When Defendant Synchrony received notice of Plaintiff's dispute from Defendant Experian, Defendant Synchrony could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

114.   Defendant Synchrony would have discovered that the information it was reporting about Plaintiff was inaccurate and the Synchrony Account was

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fraudulent and inaccurate if Defendant Synchrony had reviewed its own systems and previous communications with the Plaintiff.

115.   Defendant Synchrony's investigation was per se deficient by reason of these failures in Defendant Synchrony's investigation of Plaintiff's Dispute.

116.   As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

117.   Defendant Synchrony's actions constitute  negligent  noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

118.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Synchrony awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Affirm)

119.    Plaintiff incorporates the allegations regarding the Affirm Account and Defendant Affirm in paragraphs ¶¶ 1-22 and by reference of this Complaint.

120.    Defendant Affirm is a financial technology platform that offers loans and subscription services to consumers.

121.    In or about April 2024, Plaintiff checked her credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Affirm.

122.    In or about April 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant Affirm.

123.    In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant Affirm of the Dispute in accordance with the FCRA.

124.    As of the filing of this complaint, the debt has continued to be verified by Defendant Affirm.

125.    Defendant Affirm is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

126.    On a date better known by Defendant Affirm, Defendant Experian promptly and properly gave notice to Defendant Affirm of Plaintiff's Dispute in accordance with the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

127.   In response to the notices received from Defendant Experian regarding Plaintiff's Dispute, Defendant Affirm did not and otherwise failed to conduct a reasonable investigation into the Affirm Account which is the subject of the Dispute.

128.   In response to receiving notice from Defendant Experian regarding Plaintiff's Dispute, Defendant Affirm failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Experian could not otherwise verify.

129.   Instead of conducting a reasonable investigation, Defendant Affirm erroneously validated the Affirm Account and continued to report inaccurate and fraudulent information to Defendant Experian.

130.   On at least one occasion within the past year, by example only and without limitation, Defendant Affirm violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

131.   On at least one occasion within the past year, by example only and without limitation, Defendant Affirm violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

132.   On at least one occasion within the past year, by example only and without limitation, Defendant Affirm violated 15 U.S.C. § 1681s-2(b)(1)(E) by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

failing to delete or inform Defendant Experian about the inaccurate information.

133.  Upon information and belief, Defendant Affirm was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

134.  Defendant Affirm's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

135.  As a direct and proximate result of Defendant Affirm's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

136.  Defendant Affirm's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

137.  WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Affirm, awarding Plaintiff the following relief: [1]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Affirm)

138.    Plaintiff incorporates the allegations regarding the Affirm Account and Defendant Affirm in paragraphs ¶¶ 1-22 by reference of this Complaint.

139.    On at least one occasion within the past year, by example only and without limitation, Defendant Affirm violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

140.    On one or more occasions within the past year, by example only and without limitation, Defendant Affirm violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

141.    On one or more occasions within the past year, by example only and without limitation, Defendant Affirm violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

142.    When Defendant Affirm received notice of Plaintiff's dispute from Defendant Experian, Defendant Affirm could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

143.   Defendant Affirm would have discovered that the information it was reporting about Plaintiff was inaccurate and the Affirm Account was fraudulent and inaccurate if Defendant Affirm had reviewed its own systems and previous communications with the Plaintiff.

144.   Defendant Affirm's investigation was per se deficient by reason of these failures in Defendant Affirm's investigation of Plaintiff's Dispute.

145.   As a direct and proximate result of Defendant Affirm's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

146.   Defendant Affirm's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

147.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Affirm awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant BOM)

148.   Plaintiff incorporates the allegations regarding the BOM Account and Defendant BOM in paragraphs ¶¶ 1-22 and by reference of this Complaint.

149.   Defendant BOM is a financial institution.

150.   In or about April 2024, Plaintiff checked her credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant BOM.

151.   In or about April 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant BOM.

152.   In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant BOM of the Dispute in accordance with the FCRA.

153.   As of the filing of this complaint, the debt has continued to be verified by Defendant BOM.

154.   Defendant BOM is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

155.   On a date better known by Defendant BOM, Defendant Experian promptly and properly gave notice to Defendant BOM of Plaintiff's Dispute in

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

accordance with the FCRA.

156.   In response to the notices received from Defendant Experian regarding Plaintiff's Dispute, Defendant BOM did not and otherwise failed to conduct a reasonable investigation into the BOM Account which is the subject of the Dispute.

157.   In response to receiving notice from Defendant Experian regarding Plaintiff's Dispute, Defendant BOM failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Experian could not otherwise verify.

158.   Instead of conducting a reasonable investigation, Defendant BOM erroneously validated the BOM Account and continued to report inaccurate and fraudulent information to Defendant Experian.

159.   On at least one occasion within the past year, by example only and without limitation, Defendant BOM violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

160.   On at least one occasion within the past year, by example only and without limitation, Defendant BOM violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

161.   On at least one occasion within the past year, by example only and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant BOM violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian about the inaccurate information.

162.    Upon information and belief, Defendant BOM was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

163.    Defendant BOM's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

164.    As a direct and proximate result of Defendant BOM's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

165.    Defendant BOM's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

166.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant BOM, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 10
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant BOM)

167.   Plaintiff incorporates the allegations regarding the BOM Account and Defendant BOM in paragraphs ¶¶ 1-22 by reference of this Complaint.

168.   On at least one occasion within the past year, by example only and without limitation, Defendant BOM violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

169.   On one or more occasions within the past year, by example only and without limitation, Defendant BOM violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

170.   On one or more occasions within the past year, by example only and without limitation, Defendant BOM violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

171.   When Defendant BOM received notice of Plaintiff's dispute from Defendant Experian, Defendant BOM could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

172.    Defendant BOM would have discovered that the information it was reporting about Plaintiff was inaccurate and the BOM Account was fraudulent and inaccurate if Defendant BOM had reviewed its own systems and previous communications with the Plaintiff.

173.    Defendant BOM's investigation was per se deficient by reason of these failures in Defendant BOM's investigation of Plaintiff's Dispute.

174.    As a direct and proximate result of Defendant BOM's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

175.    Defendant BOM's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

176.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant BOM awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys'

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: May 3, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:  jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com